UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN M. CAPOZZOLI, individually, and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>              vs.<br><br>RBC DAIN RAUSCHER, INC., JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>              Defendants. | Civil Action No.07-CV-11200 (SHS)<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>ECF Case |

Plaintiff, Susan M. Capozzoli, by her attorneys, for herself and on behalf of all others similarly situated, alleges as follows upon personal knowledge as to her own acts, and as to all other matters, upon information and belief based in part upon the investigation conducted by counsel:

## SUMMARY OF CLAIMS

1.     This is a class action brought on behalf of plaintiff, a securities broker, and on behalf of two classes of similarly situated persons composed of: (a) all employees or former employees of defendant RBC Dain Rauscher, Inc. (hereafter usually referred to as "RBC Dain Rauscher"), who have worked for RBC Dain Rauscher in the United States and who are or were engaged in, or are or were training to be in, the business of selling securities and other financial products, and who have taken or have trained to take registration examinations, at any time from three (3) years prior to the filing of the complaint through the date of judgment herein (the "Federal Class" and the "Federal Class Period"); and (b) all employees or former employees of RBC Dain Rauscher who have worked for RBC Dain Rauscher in New York State and who are

or were engaged in, or are or were training to be in, the business of selling securities and other financial products, and who have taken or have trained to take registration examinations, at any time from six (6) years prior to the filing of the complaint through the date of judgment herein (the "New York Class" and the New York Class Period", and, together with the Federal Class, the "Classes" and, together with the Federal Class Period, the "Class Period").

2.  Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.*, by failing to pay the Federal Class overtime pay for a work week longer than forty (40) hours.

3.  Defendants violated the rights of the New York Class under New York labor law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

    a.  Defendants violated 12 NYCRR § 142-2.2, which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek, by failing to pay New York Class members any such overtime compensation.

    b.  Defendants violated New York law, including New York Labor Law §193, by impermissibly deducting monies from the compensation of certain New York Class members in order to charge back commissions on, and losses incident to, reversed or broken trades.

4.  As a result of defendants' violations of the FLSA and New York labor laws, plaintiff and the members of the Classes were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, and U.S.C. § 1367, supplemental jurisdiction of state law claims.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) and § 1391(c) because the named defendant resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Plaintiff Susan Capozzoli was employed by RBC Dain Rauscher as a Senior Investment Associate, *i.e,* a securities broker-inside sales person, also known as a financial consultant. Plaintiff began working for RBC Dain Rauscher in or about September, 2003, and was thereafter employed by said defendant until in or about November, 2006. During her employment, plaintiff resided in New York County. Plaintiff was initially employed by RBC Dain Rauscher in Stamford, Connecticut, and began working part of each week in New York County beginning in or about June 2006. Beginning September, 2006, after an accident early that month left her unable to travel between New York and Connecticut, plaintiff worked solely in New York County.

8. During the Class Period, RBC Dain Rauscher was and is a corporation with its principal places of business in the State of Minnesota, and doing business as a NASD registered securities brokerage firm with offices located nationwide. During the Class Period, RBC Dain Rauscher maintained offices in New York County in the State of New York and conducted business at those locations. RBC Dain Rauscher employs approximately 3,000 brokers (financial consultants) nationwide and plaintiff estimates the Classes far exceed that amount in total number of participants during the relevant Class Periods.

9. Defendants John Does 1-50 are fictitious names for individuals who may be responsible for the wrongful conduct and labor practices that caused harm to plaintiff, the true names and capacities of which are unknown to plaintiff. Plaintiff will amend her Complaint when and if the true names of said defendants become known to her.

10. Defendants ABC Corporations 1-50 are fictitious names for companies, partnerships, joint ventures and/or corporations who may be responsible for the wrongful conduct and labor practices that caused harm to the plaintiff, the true names and capacities of which are unknown to plaintiff. Plaintiff will amend her Complaint when and if the true names of said defendants become known to her.

11. Plaintiff alleges that during the Class Period, each defendant was the agent and employee of all other defendants, and in performing the acts alleged in this Complaint was acting with the course and scope of that agency and employment and any reference to "defendant" or "defendants" shall mean "defendants and each of them," including RBC Dain Rauscher and the fictitious defendants. Defendants are individually, jointly and severally liable as the employers of plaintiff and of each class member because each defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of plaintiff.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff Susan Capozzoli brings this action on behalf of herself and the Federal Class pursuant to the FLSA, § 216(b) and on behalf of herself and the New York Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13. Plaintiff is informed and believes that there are over 3,000 members within the Federal Class, and several hundred members of the New York Class, and each Class is so numerous that joinder is impractical.

14. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over questions which may affect only individual members of each of the Classes, including, *inter alia,* the following:

    a. Whether defendants failed to adequately compensate the members of the Federal Class for overtime hours worked as required by the FLSA, 29 U.S.C. §207, and failed to adequately compensate the members of the New York Class for overtime hours worked as required by NYCRR § 142-2.2, because plaintiff and members of the Classes are not exempt employees under the FLSA or NY Labor Law and NYCRR § 142-2.2.

    b. Whether defendants wrongfully deducted monies from the New York Class members' wages and/or otherwise required the New York Class members to pay for reversed or broken trades in violation of New York Labor Law § 193.

    c. Whether defendants are liable to plaintiff and the Classes as alleged in each of the claims for relief of this Complaint;

    d. Whether the members of the Classes have been damaged and, if so, the extent of such damages.

15. As an employee of defendants, which failed to adequately compensate plaintiff for overtime hours worked, as required by law, and improperly charged her for reversed or broken trades, plaintiff is asserting claims that are typical of the claims of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the classes and has no interests antagonistic to those of the other members of the Classes. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

16. Plaintiff and other members of the Classes have suffered damages as a result of defendant's wrongful conduct. Because of the size of the claims of the individual members of the Classes, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the members of the Classes likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of FLSA § 207, NYCRR § 142-2.2 and New York Labor Law § 193.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17. During the Class Periods, RBC Dain Rauscher sold and sells securities and other financial products in approximately 150 branch offices in 40 states.

18. Plaintiff Susan Capozzoli and each member of the Classes were securities brokers employed as inside sales persons of securities and other financial products for RBC Dain Rauscher, whom defendants paid on a commission basis without any premium for overtime pay as required by law.

19. Plaintiff and the members of the Classes employed by defendants routinely worked and, as applicable, work more than 40 hours per week for defendants.

20. Despite this, defendants did not and do not pay such employees overtime.

21. Under New York and federal law, employers must pay overtime premiums to employees who work in excess of 40 hours per week unless the employees fall into one or more express "exemptions."

22. Plaintiff and class members employed by defendants as inside sales persons of securities and other financial products on a commission basis do not fit into any overtime exemption under either federal or New York law.

23. Because they do not fit into any of the exemptions from overtime pay, plaintiff and members of the Classes were and are entitled, under both New York and federal law, to overtime pay for all work performed in excess of 40 hours per week.

24. If a customer challenged a transaction done for the customer's benefit by a securities broker member of the Classes, RBC Dain Rauscher would deduct from the commissions due the securities broker the amount of any loss, including both a portion of the actual losses incurred by the customer and any commission paid on that transaction.

## FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime as Required by Federal Law
### (Violation of FLSA § 207)

25. Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

26. The Federal Class under the FLSA includes all securities broker employees of RBC Dain Rauscher in the United States.

27. For purposes of the FLSA, the employment practices of RBC Dain Rauscher were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

28. Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed

29 U.S.C. § 207(a)(1) (2005).

29. Section 207(i) of the FLSA provides for certain exemptions from the above provision:

7

> No employer shall be deemed to have violated subsection (a) [of this section - mandate to compensate employees for overtime] by employing any employee of a **retail or service establishment** for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 U.S.C. § 206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

30. The Section 207(i) exemption does not apply to the Federal Class herein because brokerage houses do not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 U.S.C. § 779.317 (2005). Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] ... securities dealers." *Id.*

31. Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide **executive, administrative, or professional capacity** (including any employee employed in the capacity of academic administrative personnel or teach in elementary or secondary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*] except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities.

29 U.S.C. § 213(a)(1) (2005) (emphasis added).

8

32. Plaintiff and members of the Federal Class do not fit within the so-called "white-collar" exemptions under Section 213(a)(1) for work in an executive, administrative or professional capacity.

33. Each of these exceptions requires the employees to be paid a certain guaranteed weekly minimum on either a "salary basis" or a "fee basis." From approximately August, 2006, however, plaintiff was not paid on either a guaranteed "salary basis" or "fee basis," as those terms are defined by the applicable overtime regulations, at the minimum rate required to qualify for exemption. Other members of the Federal Class were and are not paid any amounts on a guaranteed "salary basis" or "fee basis" as defined by the applicable regulations.

34. In addition, neither plaintiff nor the members of the Federal Class met or meet the "duties" test for any of the exceptions to the overtime rules.

35. The exemption for executive personnel does not apply to plaintiff or to the members of the Federal Class since they were not responsible for the supervision of other employees of the defendants.

36. The administrative exemption does not apply to plaintiff and the Federal Class because their primary duties did not and do not consist of performing administrative and managerial tasks, but rather of selling securities and other financial products. "[A]n employee whose primary duty is selling financial products does not qualify for the administrative exemption." 29 C.F.R. § 541.203(b).

37. The exemption for employees employed in a professional capacity is inapplicable because, as the courts have held, securities brokers who work on commission are not employed in a *bona fide* professional capacity.

38. The professional exemption does not apply to the plaintiff or to the members of the Federal Class because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning. Although many members of the Federal Class hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker. There is no generally recognized advanced degree related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of defendants.

39. Because plaintiff and the other members of the Federal Class were employed at RBC Dain Rauscher's places of business, the Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply to them.

40. There are no other exemptions applicable to plaintiff and/or to members of the Federal Class.

41. Plaintiff and the other members of the Federal Class, either regularly or from time to time, worked more than 40 hours per week for RBC Dain Rauscher, and received no premium pay for hours worked in excess of 40 hours per week.

42. In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, RBC Dain Rauscher acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to plaintiff and members of the Federal Class.

43. As a result of RBC Dain Rauscher's failure to pay overtime, plaintiff and the members of the Federal Class were damaged in an amount to be proved at trial.

44. Therefore, plaintiff demands that she and the members of the Federal Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorney's fees as provided by law.

## SECOND CLAIM FOR RELIEF
### Failure to Pay Overtime as Required by New York law
### (Violation of NYCRR § 142-2.2)

45. Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth herein in full.

46. NYCRR § 142-2.2 provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938 as Amended, provided, however that the exemptions set forth in Section 13(a)(2) and 13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section 13 of the Fair Labor Standards Act, as Amended, except employees subject to Section 13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

47. New York labor law thus requires the payment of overtime compensation at one and one half times the regular rate for all hour worked in excess of 40 hours a week.

48. Similarly to the FLSA, New York law exempts from its overtime premium pay requirements certain "white collar" employees employed in a *bona fide* executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount. New York law also exempts outside salesmen as defined in the FLSA and its regulations.

49. For reasons similar to those discussed above, plaintiff and the members of the New York Class do not fit within these exemptions from the overtime requirements of New York law.

11

50. Plaintiff regularly worked more than 40 hours per week for RBC Dain Rauscher and received no premium pay for hours worked in excess of 40 hours per week.

51. Therefore, plaintiff demands that she and all members of the New York Class be paid overtime compensation as required by the New York labor law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorney's fees as provided by law.

## THIRD CLAIM FOR RELIEF
**Impermissible Deductions from Employee's Wages**
**(Violation of New York Labor Law § 193)**

52. Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth in full herein.

53. New York's Labor Law expressly prohibits an employer from making unauthorized deductions from employees' wages. Nowhere in the statute is an employer such as RBC Dain Rauscher authorized to deduct from plaintiff's pay, or the pay of similarly situated employees, wages payable to other employees of defendants.

54. New York Labor Law § 193 provides:

**Deductions from wages:**

1. No employer shall make any deductions from the wages of an employee, except deductions which:

   a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
   b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

55. Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of" the employee, and (2) limited to the enumerated categories of permissible deductions.

56. Wages are defined as "the earnings of an employee for labor or services rendered, regardless or whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1) (Consol. 2004).

57. Nevertheless, RBC Dain Rauscher, pursuant to a unilaterally-established and illegal policy, charged back both the commissions on, and a portion of the actual value of the losses resulting from, reversed or broken trades that were allegedly caused by plaintiff and members of the New York Class, whether through simple negligence or no fault of the employee at all.

58. Such chargebacks injure rather than benefit the employee. Furthermore, such chargebacks bear no similarity to the deductions, such as for insurance or investment programs, that are acceptable under the statute.

59. Thus, the chargebacks violate Section 193 because they are neither for the benefit of the employee, nor of the limited type permitted by the statute.

60. As a result of RBC Dain Rauscher's improper chargebacks, plaintiff and the members of the Federal Class were damaged in an amount to be proved at trial.

61. Therefore, plaintiff demands, on behalf of herself and the members of the New York Class, reimbursement of all wages deducted, charged or required to be paid as chargebacks

for reversed or broken trades during the New York Class Period, plus interest and attorney's fees as provided by law.

## FOURTH CLAIM FOR RELIEF
### Breach of Contract

62.  Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth in full herein.

63.  The conduct of the plaintiff and members of the New York Class and RBC Dain Rauscher, including the promise of RBC Dain Rauscher to pay plaintiff and members of the New York Class all amounts due to them in exchange for performance of the duties of their employment, including their performance as securities brokers in compliance with state and/or federal law, constitutes a valid contract between the parties.

64.  This contract was supported by good and adequate consideration.

65.  Under the express and implied terms of said contract, securities brokers were to be compensated in accordance with state and federal law. Plaintiff and members of the New York Class were informed of these terms by defendants and relied on them to their detriment when they became employees of defendants and while they remained employed in that capacity.

66.  Plaintiff and the other members of the New York Class fully performed all of the duties and obligations imposed upon them pursuant to their contracts with RBC Dain Rauscher.

67.  The conduct of RBC Dain Rauscher, in failing to pay the plaintiff and the other members of the New York Class all of the wages due to them in accordance with state and federal law, *i.e.*, without unlawful deductions and chargebacks, and including the required premium pay for overtime, constitutes a breach of the contract between the parties.

68.  As a result of RBC Dain Rauscher's breaches of contract, plaintiff and the members of the Federal Class were damaged in an amount to be proved at trial.

69.     Therefore, plaintiff and the New York Class demand that they be paid all of the wages that were contractually due to them but were withheld by defendants during the New York Class Period, including unlawful deductions and chargebacks from wages and the required premium pay for overtime, plus interest and attorney's fees.

### FIFTH CLAIM FOR RELIEF
#### Unjust Enrichment

70.     Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth in full herein.

71.     Defendants have retained for themselves the wages due and owing to the plaintiff and the New York Class, including the overtime pay required by federal and New York law, and deductions and chargebacks from wages made in contravention of New York law.

72.     Defendants have been unjustly enriched by their wrongful failure, neglect and refusal to pay to the plaintiff and the members of the New York Class all sums due to them.

73.     Therefore, plaintiff and the New York Class demand restitution of all such sums by which defendants have been unjustly enriched.

WHEREFORE, in accordance with all of the above claims in the First through Fifth Claims for Relief, inclusive, plaintiff demands judgment in her favor and in favor of the other members of the Classes and against defendants, individually, jointly and severally, for:

A. Compensatory damages, according to proof at trial, including compensatory damages and restitution for both regular and overtime compensation due plaintiff and the other members of the Classes, during the applicable Class Periods plus interest thereon at the statutory rate;

B. Restitution and reimbursement to plaintiff and to the other members of the New York Class of all commissions charged back to plaintiff and to the other members of the New

York Class and/or all other monies either unlawfully deducted from wages or required to be paid back directly by defendant, including any gain on any incomplete or undone trades;

C. Compensation for the services, work and labor performed by plaintiff and the New York Class and for money had and received by defendants for the use and benefit of plaintiff and the New York Class during the New York Class Period;

D. Imposition of a constructive trust upon the assets of the defendants to the extent of the sums due to plaintiff and to members of the plaintiff Classes herein;

E. An order requiring defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to plaintiff and the other members of the Classes;

F. An order temporarily, preliminarily and permanently enjoining and restraining defendants from engaging in similar unlawful conduct as set forth herein;

G. Declaratory relief including declarations setting forth the rights of plaintiff and the members of the Classes, as alleged in this Complaint and setting forth the defendants' violations of those rights;

H. No penalties, liquidated damages or punitive damages of any kind (whether statutory or otherwise) are sought in this action, and such relief is expressly waived;

I. Interest;

J. Reasonable attorneys fees and costs of suit; and

K. Such other and further relief as the Court deems just and equitable.

Dated December __, 2007        By: _____
                                  John Halebian (JH-8005)
                                  Adam C. Mayes (AM-1101)
                                  LOVELL STEWART HALEBIAN LLP
                                  500 Fifth Avenue
                                  New York, NY 10110
                                  Tel: (212) 608-1900
                                  Fax: (212) 719-4677

                                  Kenneth A. Elan (KE-1729)
                                  LAW OFFICE OF KENNETH A. ELAN
                                  217 Broadway, Suite 606
                                  New York, NY 10007
                                  Telephone: (212) 619-0261
                                  Facsimile: (212) 385-2707

                                  Attorneys for Plaintiff and the Classes